# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 13-06438 (MCF) |
| SHEIDA RIVERA SIVERIO | Chapter 13 |
| Debtor | |
| | ADV. PROC. NO. 13-00218 (BKT) |
| MIGUELINA DELGADO RODRIGUEZ | |
| Plaintiff | |
| V. | |
| SHEIDA RIVERA SIVERIO | |
| Debtor/Defendant | |

**ANSWER TO SECOND AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW**, Sheida Rivera Siverio, through the undersigned attorney and respectfully states and prays as follows:

1. Paragraph 1 of the Amended Complaint is admitted.

2. Paragraph 2 of the Amended Complaint is denied as stated. Defendant admits that she requested to convert her Chapter 7 to a Chapter 13, which was granted by the Court.

3. Paragraph 3 of the Amended Complaint contains legal assertions or conclusions to which no responsive pleading is required. However, in case a responsive pleading is required Defendant denies paragraph 3 of the Amended Complaint.

1

4. Paragraph 4 of the Amended Complaint does not require a response from Defendant. However, in case a responsive pleading is required Defendant denies paragraph 4 of the Amended Complaint.

5. Paragraph 5 of the Amended Complaint does not require a response from Defendant. However, in case a responsive pleading is required Defendant denies paragraph 5 of the Amended Complaint.

6. Paragraph 6 of the Amended Complaint is denied.

7. Paragraphs 7 to 10 of the Amended Complaint contains legal assertions or conclusions to which no responsive pleading is required. However, in case a responsive pleading is required Defendant denies paragraphs7 to 10 of the Amended Complaint.

8. Paragraphs 11 to 17 of the Amended Complaint are admitted.

9. Paragraph 18 of the Amended Complaint is denied.

10. Paragraphs 19 and 20 of the Amended Complaint are admitted.

11. Paragraphs 21 to 70 of the Amended Complaint are denied.

12. Paragraphs 71 to 74 of the Amended Complaint are admitted.

13. Paragraphs 75 and 76 of the Amended Complaint are denied.

14. Paragraph 77 of the Amended Complaint is denied as stated. Defendant admits that, due to changes in her financial circumstances, on March 18, 2014 she requested the Court to convert her Chapter 7 to Chapter 13.

15. Paragraphs 78 and 107 of the Amended Complaint are denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state sufficient grounds for which relief may granted for plaintiff and against defendant.

2. Defendant did not act by false pretenses, false representation or actual fraud when obtained the property and/or money.

3. Plaintiff's debt did not fall under any of the exemption to discharge contained in Section 523(a)(2).

4. Neither the First Instance Court of Mayaguez nor the Supreme Court of Puerto Rico concluded that Defendant incurred in fraudulent acts.

5. On November 1997, Plaintiff and her husband took a $30,000.00 loan from Monserrate Rivera (Grandmother of Plaintiff's husband and Respondent). Monserrate Rivera requested as a guarantee the property in controversy. As a result, on said November 1997, Monserrate Rivera and Plaintiff executed a deed of sale of the property in controversy for the amount of $12,000.00. Years passed by and Plaintiff and her husband never paid Moserrate Rivera the whole amount, they just paid her $15,000.00. As a result of Plaintiff's and her husband's noncompliance, Moserrate Rivera sold said property to Defendant for the amount of $15,000.00. There was no fraudulent act nor false representation on behalf of Respondent. Respondent did not buy the property to cause injure to Plaintiff or her husband.

6. Defendant did not cause any personal injury to Plaintiffs.

7. Defendant did no act with the willful intent to cause injury to Plaintiff.

8. Plaintiff's debt is dis-chargeable.

9. On March 18, 2014 Respondent requested the Court to convert her Chapter 7 to Chapter 13. On May 19, 2014, the Court granted Respondent petition (Docket 30).

10. As Plaintiff has recognized, Defendant's intention was to acquire the property, not to cause injury to Plaintiff.

11. A "willful" injury under Section 523(a)(6) is a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Kawaahau v. Geiger*, 523 U.S. 57 (1998). Defendant did not cause a "willful" injury to Plaintiff under Section 523(a) (6). Arguendo, if Defendant caused an injury to Plaintiff or Plaintiff's property, which Defendant denies, said injury was not malicious under Section 523(a) (6). In order for an injury to be deemed "malicious" a four-part test must be met. There must be: (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse. Plaintiff cannot establish any of the abovementioned prongs.

12. The correct amount of Plaintiff's debt is $45,000.00 as stated in Schedule "F".

13. Lack of indispensable party.

14. Plaintiffs is obstinate in bringing Defendant into this lawsuit, wherefore Defendant is entitled to recover costs and attorney's fee.

15. Defendant reserve the right to amend the existing affirmative defenses and/or include additional affirmative defenses that may arise through formal discovery and/or investigation.

**WHEREFORE**, the appearing defendant respectfully prays that this Honorable Court enter judgment dismissing the Complaint, and awarding costs, disbursements, expenses, and attorneys' fee incurred by defendant in the defense of this litigation.

**RESPECTFULLY SUBMITTED,** this 7th day of July, 2014, in San Juan, Puerto Rico.

**CERTIFICATE OF SERVICE**: I hereby certify that a copy of the foregoing document was sent to all appearing parties on record.

**Armando Lamourt-Rodriguez**
USDC-PR No. 226001
P.O. Box 236
Mayagüez, Puerto Rico 00681-0236
Tel. (787) 632-6241
alamourt@yahoo.com