# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br><br> **SHEIDA RIVERA SIVERIO** <br><br> **Debtor** <br> _____ <br><br> **MIGUELINA DELGADO RODRIGUEZ** <br><br> **Plaintiff** <br><br> v. <br><br> **SHEIDA RIVERA SIVERIO** <br><br> **Debtor/Defendant** | CASE NO. 13-06438 (MCF) <br><br> Chapter 7 <br><br><br> ADV. PROC. NO. 13-00218 (MCF) |

## MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE COURT:**

**COMES NOW**, Sheida Rivera Siverio ("Mrs. Rivera"), through the undersigned attorney and respectfully states and prays as follows:

### I. PROCEDURAL HISTORY

1. On October 29, 2013, Plaintiff Miguelina Delgado Rodriguez ("Mrs. Delgado") filed the above adversary proceeding alleging that Mrs. Rivera is exempted from discharge pursuant to 11 U.S.C. § 523(a)(6). Docket 1.

2. On November 1, 2013, Mrs. Delgado filed Motion to amend complaint as a matter of course with Proposed Amended Complaint. Docket 6.

3. On December 5, 2013, Mrs. Rivera requested an extension of time to file an Answer to Complaint. Docket 12.

4. On January 27, 2014, Mrs. Rivera filed Answer to Complaint. Docket 20.

1

5. On March 18, 2014, Mrs. Rivera filed Motion to Dismiss alleging that under Chapter 13 she is not exempted from discharge pursuant to 11 U.S.C. § 523(a)(6) . Docket 28.

6. On March 19, 2014, Mrs. Delgado filed Reply to Motion to Dismiss. Docket 29.

7. On April 24, 2014, Mrs. Delgado filed an amended complaint to include § 523(a)(2) as a second theory on her objection to the dischargeability. Docket 37.

8. On April 24, 2014, Mrs. Delgado filed Opposition to Motion to Dismiss. Docket 38.

9. On May 19, 2014, this Honorable Court denied Mrs. Rivera's Motion to Dismiss. Docket 39.

10. On July 7, 2014, Mrs. Rivera filed an answer to amended complaint. Docket 58.

11. On August 6, 2014, this Honorable Court ordered Mrs. Delgado to file a Motion for Summary Judgment by October 31, 2014. The parties could agree to file motions for summary judgment simultaneously. Docket 60.

12. On October 23, 2014, the parties filed a Joint Motion to Extend Deadlines. In pertinent, the parties requested that the deadline to file dispositive motions will be set for December 19, 2014. Docket 64.

13. On November 4, 2014, this Honorable Court granted the extension of time requested by the parties. Docket 65.

14. On December 17, 2014, Mrs. Rivera requested that the deadline to file dispositive motions be extended until January 16, 2015. She also requested that parties opposing any of the dispositive motions filed, will have 30 days from the filing of the dispositive motion to file an opposition. Docket 67.

15. On December 19, 2014, this Honorable Court granted Mrs. Rivera's motion to extend time. Docket 68.

## II. MATERIAL FACTS

16. On August 2, 1994, Mrs. Delgado married Eduardo Rivera Pares ("Mr. Rivera"), who is cousin of Mrs. Rivera. ¶ 19 and 20 of the Second Amended Complaint.

17. On November 1997, Mrs. Delgado and Mr. Rivera took a $30,000.00 loan from Monserrate Rivera (Grandmother of Mr. Rivera and Mrs. Rivera). ¶ 21 of the Second Amended Complaint.

18. Monserrate Rivera accepted to lend the money to them with the condition that she receives as a guarantee a real property own by Mrs. Delgado. ¶ 22 and 23 of the Second Amended Complaint.

19. Mrs. Delgado and Mr. Rivera accepted Monserrate Rivera's condition and on said November 1997 (10 days after Mrs. Delgado and Mr. Rivera received the $30,000.00), Monserrate Rivera and Mrs. Delgado executed a deed of sale of the property in controversy for the amount of $12,000.00. ¶ 26 and 28 of the Second Amended Complaint.

20. Mrs. Delgado and Monserrate Rivera agreed that once the loan was paid in full, Monserrate Rivera will "sell back" to Mrs. Delgado the real estate property by public deed. ¶ 29 of the Second Amended Complaint. In other words, Mrs. Delgado recognized that she and her husband have to pay the loan in full, in order to get back the property that they were selling to Monserrate Rivera.

21. Years passed and Mrs. Delgado and her husband never paid Monserrate Rivera the total amount, they just paid her $15,000.00. ¶ 10 and 11 of the Sentencia Enmendada Nunc Pro Tunc. Mrs. Delgado and her husband did not have the intention to pay Monserrate Rivera the outstanding balance of $15,000.00 plus interest and penalties.

22. As a result of Plaintiff's and her husband's noncompliance, on March 10, 2000, Moserrate Rivera sold said property to Mrs. Rivera and Luis Roberto Martinez (Mrs. Rivera's husband at that time) for the amount of $15,000.00. ¶ 31 of the Second Amended Complaint and ¶ 8 of the Sentencia Enmendada Nunc Pro Tunc. There was no fraudulent act nor false representation on behalf of Mrs. Rivera and her husband. They did not buy the property to cause injure to Mrs. Delgado or her husband. They did not cause any personal injury to Mrs. Delgado. They did not act by false pretenses, false representation or actual fraud when obtained the property and/or money.

23. By the time of the above mentioned facts, Mrs. Rivera was married to Luis Roberto Martinez under legal community property.

24. On July 12, 2001, Mrs. Delgado and Mr. Rivera filed a civil complaint before the First Instance Court of Mayaguez against Monserrate Rivera, Luis Roberto Martinez and Mrs. Rivera.

25. Mr. Luis Roberto Martinez and Mrs. Rivera sold the property to a third party. ¶ 44 of the Second Amended Complaint and ¶ 12 of the Sentencia Enmendada Nunc Pro Tunc. According to the Court they had knowledge of the sales between Monserrate Rivera, her cousin, and Mrs. Delgado, which consisted on the lend of $30,000.00 Monserrate Rivera lend to Mrs. Delgado and her husband with the condition that she received the real property as a security for the payment; and once they paid the loan in full, Monserrate Rivera will sell the property back to Mrs. Delgado. Mrs. Rivera also knew that Mrs. Delgado and Mr. Rivera did not pay in full such payment.

26. After several post judgment and appellate proceedings, on May 25, 2005, the First Instance Court of Mayaguez concluded that Monserrate Rivera caused damage to Mrs. Delgado, because she breached the contract with Mrs. Delgado and her husband, even though they did not pay in full the $30,000.00 loan; and concluded that Mrs. Rivera and Mr. Luis Martinez contributed with

their actions to the damage caused to Mrs. Delgado, because they also knew the agreements between Monserrate Rivera and Mrs. Delgado. Page 5 of the Sentencia Enmendada Nunc Pro Tunc.

### III. APPLICABLE LAW

Mrs. Delgado adversary proceeding is based on 11 U.S.C. § 523(a)(6) and § 523(a)(2).

**A. 11 U.S.C. § 523(a)(6)**

Mrs. Delgado alleged that the $45,000.00 sentence from the First Instance Court is exempt from discharge, because Mrs. Rivera willfully and malicious injured Mrs. Delgado by acquiring a property, which she knew and was conscious, that belong to Mrs. Delgado against her will and without her authorization. ¶ 80 of the Second Amended Complaint. There is no controversy that between Mrs. Delgado and Mrs. Rivera did not exist any contract. As a matter of fact, the $45,000.00 conceded by the First Instance Court of Mayaguez were based on the damage Mrs. Delgado suffered. The Court did not concede any amount to Mrs. Delgado's husband because he did not proof to suffer any damage. But the Court did not cancel or void the deed of the real property sale to a third party, nor cancelled or voided any mortgage.

There is no controversy that Mrs. Delgado took a $30,000.00 loan from Monserrate Rivera and executed a sales deed before a public notary selling her real property to Monserrate Rivera for the amount of $12,000.00. The intension of said deed of sales was to secure the payment of the loan.

The Bankruptcy Code is intended to provide a fresh start for those persons who are inundated in monetary debt. See *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1933). Congress decided that persons, who attempt to reorganize, may discharge a debt that is otherwise nondischargeable in liquidation. 11 U.S.C. Sec. 1328; see *In re McAloon*, 44 B.R. 831, 835 (Bankr.E.D.Va.1984).

It is well known that if a debtor complies with all his or her plan payments, he or she can be discharged from debts arising from willful and malicious conduct pursuant to Section 523(a)(6), since the same is not a stated exception. See *In Re: Cintron*, 447 B.R. 82 (2011). Debts arising from willful and malicious injury can be determined to be nondischargeable in Chapter 7 but are fully dischargeable in Chapter 13. See *In re: Myrvang v. Graves*, 232 F.3d 1116 (9th Cir. 2000).

Willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct. *In Re Su*, F.3d 1140 (9th Cir. 2002). In *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974,140 L.Ed.2d 90 (1998), the Supreme Court established that: "*The word "willful" in (a)(6) modifies the word "injury," indicating that non-dischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury.". . . . T]he (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act", not simply "the act itself*."

The First Instance Court of Mayaguez in its Sentence did not decided Mrs. Rivera's state of mind when she bought the real property from Monserrate Rivera.

Mrs. Rivera and her husband simply bought the real property from Monserrate Rivera for $15,000.00. There was an executed sales deed before a public notary that established that Monserate Rivera was the owner of said real property. Also, they have acknowledge that Mrs. Delgado and her husband did not pay in full the $30,000.00 loan to Monserrate. If the sales deed between

Monserrate Rivera and Mrs. Delgado was determined null or void it was after Mrs. Rivera and her husband brought the real property from Mrs. Monserrate. It is undisputed that Mrs. Rivera and her husband bought the real property to take advantage of the offer, not to willful and malicious injure Mrs. Delgado.

Worth noting that Mrs. Delgado fraudulently sold and executed the sales deed of the property for the amount of $12,000.00. Although the deed of sale states a sales price of $12,000.00, such payment was never delivered nor intended to be delivered. ¶ 28 of the Second Amended Complaint. Furthermore, did not pay the full amount of the $30,000.00 loan.

Moreover, courts have treated the malicious injury as separated from the "willful requirement. *Petralia v. Jercich*, 238 F.3d 1202 (9th Cir.), 533 U.S. 930, 121 S.Ct. 2552, 150 L.Ed.2d 718 (2001). A malicious injury involves (1) a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) is done without causes or excuse. *U.S. v. Parga Rosas*, 238 F.3d 1209 (9th Cir. 2001), quoting *In re Bammer*, 131 F.3d at 791.

Mrs. Rivera did not willfully and malicious injure Mrs. Delgado or her property. As mentioned above, Mrs. Rivera and her husband bought the real property to take advantage of the offer, not to willful and malicious injure Mrs. Delgado, nor to deceive her. The totality of the circumstances does not establishes the malicious and willful intend that Section 523 requires to exempt from discharge Mrs. Rivera's debt.

## B. 11 U.S.C. § 523(a)(2)

In an action for determination of dischargeability under Section 523(a), the plaintiff (creditor) has the burden of proving all elements of the claims for relief asserted by a preponderance of the evidence. *In re Dakota*, 284 B.R. 711, 721 (Bkrtcy. N.D. Cal., 2002). The exceptions to discharge set forth in Section

523(a) are to be construed narrowly. *In Re Dakota*, supra, citing to *In re Risoi*, 978 F.2d 1151 (9th Cir. 1992).

Section 523(a)(2)(A) requires a showing of actual fraud rather than constructive fraud or fraud implied in law. A claim of non-dischargeability under Section 523(a)(2)(A) requires the creditor establish each of the following elements:

- the debtor made a representation;
- the debtor knew at the time the representation was false;
- the debtor made the representation with the intention and purpose of deceiving the creditor;
- the creditor relied on the representation; and
- the creditor sustained damage as the proximate result of the representation.

*In re Apte*, 96 F.3d 1319, 1322 (9th Cir. 1996); *In re Kirsh*, 973 F.2d 1454, 1457 (9th Cir. 1992).

In the case at hand, Mrs. Delgado cannot establish the above mentioned elements. Mrs. Rivera did not make any representation. Mrs. Delgado "sold" the real property to Monserrate Rivera executing sales deed before a public notary, and then Mrs. Rivera bought said real property from Monserrate Rivera executing a sales deed before a public notary. These legal transaction were before the First Instance Court concluded that Mrs. Monserrate Rivera breached the contract with Mrs. Delgado and her husband, which provoked damages to Mrs. Delgado.

Moreover, Mrs. Delgado did not relied on Mrs. Rivera's representation. Section 523(a)(2) simply does not apply at the present case.

Mrs. Delgado alleged that Mrs. Rivera, fraudulently sold the real property to a third party. There was nothing in the law that prohibited Mrs. Rivera and her husband to sale the real property to a third party. As mentioned

8

before, there was an executed sales deed before a public notary that established that Monserate Rivera was the owner of said real property. Also, they have acknowledge that Mrs. Delgado and her husband did not pay in full the $30,000.00 loan to Monserrate. If the sales deed between Monserrate Rivera and Mrs. Delgado was determined null or void, it was after Mrs. Rivera sold the real property to a third party.

If Mrs. Delgado did not want Mrs. Rivera to sell or mortgaged the real property while they were litigating before the First Instance Court, she should requested to the court a prohibition to transfer or an annotation of complaint (provisional lis pendens) to be registered in the Property Registry of San German. However, she did not.

Moreover, Mrs. Delgado had avoid the civil litigation if she and her husband had paid Monserrate Rivera the $30,000 loan and/or had executed the corresponding sales and mortgage deed, instead of the illegal transaction that they did.

Furthermore, Mrs. Delgado cannot seek to impeach Mrs. Rivera's acts, since Mrs. Delgado contributed to the improper transaction (sold the house to Mrs. Monserrate Rivera). If Mrs. Delgado had not agreed with Monserrate Rivera a buy back provision to illegally mask a mortgage loan, she would not suffer harm.[1]

### C. Collateral Estoppel does not apply to the present case

As a preliminary matter, Mrs. Delgado may asserts that the issue of dischargeability has been determined in the First Instance Court of Mayaguez, and that res judicata would bar this Court from re-determining the matter.

---

[1] *Sucesión Andino v. Andino*, 85 D.P.R. 135 (1962).; Riggs v. Palmer 22 N.E. 188 (New York 1989). No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. *Simon & Schuster, Inc. v. Members of N. Y. State Crime Victims Bd.* 502 U.S. 105 (1991)

While bankruptcy courts are bound by the principle of res judicata, the contours of res judicata are somewhat different for bankruptcy courts than they are for other courts. *Browning v. Navarro*, 887 F.2d 553, 561 (5th Cir. 1989).

In only limited circumstances may bankruptcy courts defer to the doctrine of collateral estoppel and thereby ignore Congress' mandate to provide plenary review of dischargeability issues. *Dennis v. Dennis (In re Dennis)*, 25 F.3d 274, 278 (5th Cir. 1994). Collateral estoppel applies in bankruptcy courts only if, inter alia, the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question — that is, an issue which encompasses the same prima facie elements as the bankruptcy issue — and the facts supporting the court's findings are discernible from that court's record. *Id*. Because this Court is unable to discern from the record any specific, subordinate factual findings in the First Instance Court of Mayaguez on the dischargeability issue, it is not barred from determining the dischargeability of the awards for damages under the doctrines of res judicata or collateral estoppel.

The First Instance Court of Mayaguez in its Sentence, or Court of Appeal or the Supreme Court of Puerto Rico, did not conclude that Mrs. Rivera committed actual fraud, as used to find a debt non-dischargeable as held in *RecoverEdge v. Pentecost*, 44 F.3d 1284, 1293 (5th Cir. 1995). The First Instance Court did not consider whether Mrs. Rivera committed false pretenses, false representation or actual fraud. As mentioned above, a claim of non-dischargeability under Section 523(a)(2)(A) requires the creditor establish each of the following elements: (1) the debtor made a representation; (2) the debtor knew at the time the representation was false; (3) the debtor made the representation with the intention and purpose of deceiving the creditor; (4) the creditor relied on the representation; and (5) the creditor sustained damage as the proximate result of the representation. It is undisputed that Mrs. Delgado

did not rely on Mrs. Rivera's representation. On the other hand, Mrs. Rivera did not injure Mrs. Delgado willfully and malicious.

### D. Summary Judgment

Pursuant to Fed. R. Civ. P. 56, as incorporated by Fed. R. Bankr. P. 7056, summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Once the moving party identifies those portions of the record that demonstrate the absence of a genuine issue of material fact, any party opposing summary judgment must set forth specific facts showing a genuine issue for trial, and may not rely on mere allegations or denials. If the record as a whole could not lead a rational finder of fact to find for the non-moving party, then there is no genuine issue of fact precluding summary judgment.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. The moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party.

## IV.   CONCLUSION

The summary judgment should be granted in the instance case because there are no genuine issues present. Mrs. Rivera did not injured Mrs. Delgado or her property willful and malicious; and arguendo she did, which we disagree, debts arising from willful and malicious injury are fully dischargeable in Chapter 13. Moreover, a claim of non-dischargeability under Section 523(a)(2)(A) requires the creditor establish each of the following elements: (1) the debtor made a representation; (2) the debtor knew at the time the representation was false; (3) the debtor made the representation with the intention and purpose of deceiving the creditor; (4) the creditor relied on the representation; and (5) the creditor sustained damage as the proximate result of the representation. Mrs. Delgado cannot establish the above mentioned elements. Mrs. Rivera did not make any representation. It is undisputed that Mrs. Delgado did not rely on Mrs. Rivera's representation. As mention above, Mrs. Delgado cannot seek to impeach Mrs. Rivera's acts, since Mrs. Delgado contributed to the improper transaction. Mrs. Delgado and her fraudulent actions do not have standing to request a remedy. The totality of the circumstances does not establish the elements that § 523(a)(6) and § 523(a)(2) require to exempt from discharge Mrs. Rivera's debt.

**WHEREFORE**, Sheida Rivera Siverio, respectfully requests, from this Honorable Court that summary judgment be entered in her favor dismissing the Complaint with prejudice, with any further relief as is deemed appropriate in the circumstances.

**30 DAY NOTICE TO ALL CREDITORS AND PARTIES IN INTEREST**: You are hereby notified that you have thirty (30) days from the date of this notice to file an opposition to the foregoing motion and to request a hearing. If no opposition is filed within the prescribed period of time, the Motion for Summary Judgment will be deemed unopposed and may be granted without further hearing unless (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which will send notification to all CM/ECF participating parties. I also certify that I have served the same by regular mail to all the creditors listed in record.

**RESPECTFULLY SUBMITTED,** this 16 day of January, 2015, in San Juan, Puerto Rico.

                                        S/ **Armando Lamourt-Rodriguez**
                                        **Armando Lamourt-Rodriguez**
                                        USDC-PR No. 226001
                                        P.O. Box 236
                                        Mayagüez, Puerto Rico 00681-0236
                                        Tel. (787) 632-6241
                                        alamourt@yahoo.com