IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br> SHEIDA RIVERA SIVERIO <br> Debtor <br><br> MIGUELINA DELGADO RODRIGUEZ <br> Plaintiff <br> V. <br> SHEIDA RIVERA SIVERIO <br> Debtor/Defendant | CASE NO. 13-06438 (MCF) <br> Chapter 7 <br><br> ADV. PROC. NO. 13-00218 (MCF) |

## OPPOSITION TO MOTION REQUESTING ORDER TO COMPEL DISCOVERY

**TO THE HONORABLE COURT:**

**COMES NOW**, Sheida Rivera Siverio, through the undersigned attorney and respectfully states and prays as follows:

### I. INTRODUCTION

On January 21, 2015, Plaintiff filed Motion Requesting Order To Compel Discovery, alleging that Defendant failed to produce some discovery requested. Docket 72. In said motion, Plaintiff basically states that the answers to question 9, 10 and 11 of the Interrogatory served to Defendant were unresponsive, evasive and preposterous. Defendant is not evading nor uncooperative with respect to Plaintiff's discovery request. Instead, Plaintiff is requesting documents that she acknowledges that Defendant has not had nor produced.

The discovery requested in questions 9, 10 and 11 of the Interrogatory was part of the discovery conducted in the State's Court claim proceeding, in which both,

1

Plaintiff and Defendant were parties. As Plaintiff recognized in her motion, even during the discovery in the State Court, Plaintiff could not obtain said information requested. However, in the present case Defendant has made affirmative actions directed to obtain the evidence requested, but hasn't been able to produce it. This fact is acknowledged by Plaintiff, but she unreasonably requested this Honorable Court to order Defendant to produce said discovery.

II. **DISCUSSION**

Questions 9, 10 and 11 are related to an issuance and cancellation of an allegedly promissory note that was made over a real property. Said real property was the subject of an extensive litigation in the State Court. Plaintiff is requesting checks, account withdrawals, payments made, cancellation deeds, related to the promissory note and its cancellation presented in the Property Registry. These documents were requested by Plaintiff during an extensive discovery conducted in the State Court proceeding, but Plaintiff could not obtain them. In her motion, Plaintiff accepted that she could not get the documents she is requesting during the State Court claim. ¶ 6, pg. 3, Docket 72. It is worth noting, that the State's Court proceedings were conducted long time ago; approximately 10 to 12 years have passed since State's Court proceedings were conducted. Also, Plaintiff's legal representation in this Adversary Proceeding also served as Plaintiff's legal representation before the State Court.

In addition, is worth noting that Plaintiff's $45,000.00 credit seeking the exemption to discharge, emerged only from the State Court's Amended Sentence issued on May 25, 2005, and no other sentence. In the Determination of Facts made by the First Instance State Court in said Amended Sentence, it made no reference nor mention such promissory note or its cancellation. Docket 70-1.

As Defendant stated in her answers to the interrogatory as well as it has informed Plaintiff, Defendant does not have possession nor control of the evidence that Plaintiff is requesting in questions 9, 10 and 11. Defendant, through the undersigned, have contacted Counsel Santiago Mari Roca, who represented Defendant at the

2

State's Court proceeding. As informed in the letter dated January 20, 2015 sent to Plaintiff, Counsel Mari Roca does not have Defendant's State Court file. Moreover, it was informed that Counsel Mari Roca contracted a company to seize all of his old records, in which Defendant's file could be seized. In addition, Defendant, through the undersigned, contacted Counsel Jaime Alcover, who was also Defendant's legal representation at the State's Court proceedings. As it was informed through the letter dated on January 20, 2015, Counsel Alcover informed that he does not have any of the evidence that Plaintiff is requesting in question 9, 10 and 11. Defendant has made reasonable intends to comply with Plaintiff request, but she cannot produce something she does not have or obtain. Defendant is being responsive and has taken actions to obtain the evidence requested by Plaintiff; thus exercising due diligence with respect to the evidence requested.

In addition, Plaintiff knows that by the time of the facts in the complaint, Defendant was married to Mr. Luis R. Martinez, who could have any personal knowledge of the information requested in question 9, 10, and 11 of the interrogatories, but Defendant does not know his whereabouts.

Plaintiff and Defendant are family related. Plaintiff married Defendant's cousin, Eduardo Rivera Pares. As a result, Plaintiff has personal knowledge of Defendant's personal circumstances. Plaintiff has personal knowledge that Defendant suffers from depression. Plaintiff has personal knowledge that during the State Court proceeding, including Plaintiff's execution of sentence proceeding, Defendant suffered from a severe depression, to the extent that she has to be hospitalized for several days in the Panamericano Hospital in Cidra, Puerto Rico. Plaintiff knows or should have known that by continuing and unreasonably exerting the requested evidence, affects and worsens Defendant's condition. Plaintiff's acts and requirements are directed to cause annoyance, oppression and undue burden on Defendant.

Defendant has explained to Plaintiff in more than one occasion that she does not has the information requested in question 9, 10 and 11. Even though, Plaintiff

3

has personal knowledge of this fact, Plaintiff tactically continues requesting the information with the intent to cause annoyance and oppression to Defendant.

On the other hand, what is before this Honorable Court is an Adversary Proceeding where Plaintiff is alleging that Defendant is exempt from discharge because (1) Defendant willfully and maliciously injured Plaintiff by acquiring a property that she knew belonged to Plaintiff and (2) that Defendant's debt was obtained by false pretenses, false representation or actual fraud. It is well establish that Plaintiff has the burden of proof to establish the above stated allegations. Plaintiff cannot depend nor rely on the discovery outcome. Plaintiff cannot depend nor rely to prove her case on the evidence or information that she could obtain from Defendant.

Plaintiff alleges that the documents requested were necessary for Plaintiff's drafting the dispositive motion. See ¶ 1, pg. 2, Docket 72. Such allegation is a conveniently tactic to use an Adversary Proceeding to oppress Defendant. Plaintiff knows and should have known that in order to file the present Adversary Proceeding, Plaintiff must have sufficient evidence to make and sustain her allegations. Plaintiff cannot use and Adversary proceeding to unreasonable oppress nor cause annoyance to Defendant. Plaintiff is prevented from promoting a cause of action imputing fraud and/or willful and malicious acts without having the evidence to support her claims and/or hoping that Plaintiff would produce such evidence for her.

In the present case, both parties were ordered by this Honorable Court to file simultaneously summary judgments motions. Defendant filed her Summary Judgment on January 16, 2015, but Plaintiff did not comply with the Court's order alleging that she could not file the Summary Judgment without the evidence requested in question 9, 10 and 11 of the Interrogatory. Defendant believes that unavailability of said evidence requested does not impedes Plaintiff from filing its Summary Judgment Motion. Note that the debt Plaintiff is seeking exemption from dischargeability emerged from a State's Court Sentence, which it was not based on the issuance nor the cancellation of the promissory note. Plaintiff's moves of failing

4

to simultaneously file the dispositive motion, place her in advantage over Defendant because Plaintiff will have the opportunity to file her Summary Judgment after reading Defendant's Summary Judgment. That was not the ruling of this Court and Defendant did not have that opportunity.

As it has been established, looking at the totality of the circumstances, Plaintiff has unreasonable requested evidence that cannot be produced by Defendant. However, Defendant has taken affirmative actions to comply with Plaintiff request. It is forced to conclude that Plaintiff cannot rely on the requested evidence to Defendant in order to prove that Defendant willfully and malicious injured Plaintiff and/or obtained the real property by false pretenses, false representation or actual fraud.

**WHEREFORE**, Sheida Rivera Siverio, respectfully requests, from this Honorable Court to deny Plaintiff's Motion Requesting Order To Compel, with any further relief as is deemed appropriate in the circumstances.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which will send notification to all CM/ECF participating parties. I also certify that I have served the same by regular mail to all the creditors listed in record.

**RESPECTFULLY SUBMITTED,** this 12th day of February, 2015, in San Juan, Puerto Rico.

S/ **Armando Lamourt-Rodriguez**
**Armando Lamourt-Rodriguez**
USDC-PR No. 226001
P.O. Box 236
Mayagüez, Puerto Rico 00681-0236
Tel. (787) 632-6241
alamourt@yahoo.com
