IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>SHEIDA RIVERA SIVERIO<br><br>Debtor<br>_____<br><br>MIGUELINA DELGADO RODRIGUEZ<br><br>Plaintiff<br><br>v.<br><br>SHEIDA RIVERA SIVERIO<br><br>Debtor/Defendant | CASE NO. 13-06438 (MCF)<br><br>Chapter 7<br><br><br>ADV. PROC. NO. 13-00218 (MCF) |

## OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE COURT:**

**COMES NOW**, Sheida Rivera Siverio ("Mrs. Rivera"), through the undersigned attorney and respectfully states and prays as follows:

**I. INTRODUCTION**

On January 16, 2015, Defendant filed a Motion for Summary Judgment. On April 6, 2015, Plaintiff filed an Opposition to Defendant's Motion for Summary Judgment (Docket 92) and filed a Motion for Summary Judgment (Docket 94). The arguments that Plaintiff asserted in her Motion for Summary Judgment are so similar to those she raised in her Opposition to Defendant's Motion for Summary Judgment. Plaintiff did not bring any new argument in said opposition motion. Therefore, in the present motion Defendant opposes to Plaintiff's Motion for Summary Judgment and reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

1

Plaintiff based her adversary proceeding on 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). As we have submitted and as we will discuss in this motion, the requirements to establish non-dischargeability under § 523(a)(2)(A) are not met in the case at bar, and § 523(a)(6) does not apply to the present case, and if it apply, Plaintiff's debt is dischargeable under Chapter 13. This Court should deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment.

## II. THE REQUIREMENTS TO ESTABLISH NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(A)(2)(A) ARE NOT MET IN THE PRESENT CASE

The Bankruptcy Code is designed to give debtors a fresh start, and exceptions to this principle should be narrowly construed. *Rutanen v. Baylis (In re Baylis)*, 313 F.3d 9, 17 (1st Cir. 2002); *In Re Dakota*, 284 B.R. 711, 721 (Bkrtcy. N.D. Cal., 2002), citing to *In re Risoi*, 978 F.2d 1151 (9th Cir. 1992). In an action for determination of dischargeability under Section 523(a), the plaintiff has the burden of proving all elements of the claims for relief asserted by a preponderance of the evidence. *In re Dakota*, supra.

In order to prove that a debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A) plaintiff has to complete a six-step march. This march requires Plaintiff to show that Debtor:

(i)   made a knowingly false representation,
(ii)  intending to deceive the creditor, and
(iii) to induce the creditor to rely upon the false promise; with the result that
(iv)  the creditor relied upon the false promise, and
(v)   justifiably so, so that
(vi)  damage resulted.

*DeBenedictis v. Brady-Zell* (*In re Brady-Zell*), 756 F.3d 69; *McCrory v. Spigel* (*In re Spigel*), 260 F.3d 27, 32 (1st Cir. 2001). See also *In re Apte*, 96 F.3d 1319, 1322 (9th Cir. 1996); *In re Kirsh*, 973 F.2d 1454, 1457 (9th Cir. 1992)[1].

It is undisputed that Defendant did not induce Plaintiff to rely upon any promise. Defendant and Plaintiff did not agree on anything nor did they make any contract or agreement. Defendant could not intend to deceive Plaintiff, since she did not agree on anything with her. Defendant did not make any representation to induce Plaintiff to rely on her. Plaintiff sold or entered in a legal transaction over the real property to her husband's grandmother, Monserrate Rivera, executing a deed of sale before a notary public. Plaintiff contracted with Monserate Rivera, not with Defendant. Defendant is basically a third party, who only intervened with Monserrate Rivera. This scenario is not envisioned in the above mentioned exemption.

Moreover, in *Mendizabal v. Hernandez-Abreu*, 506 B.P. 307 (2014), the Court stated that in order to establish a false representation under § 523(a)(2)(A), the Plaintiff must prove that the Defendant made a false or misleading statement, with the intent to deceive, thereby inducing the Plaintiff to turn over money or property to the Defendant. The Court also stated that: "*actual fraud under section 523(a)(2)(A), refers to common law fraud, and requires the Plaintiff to prove by a preponderance of the evidence that: (1) Defendant made a false representation with the purpose and intention of deceiving Plaintiff; (2) Plaintiff relied upon the Defendant's representation; (3) Plaintiff's reliance on the false representation was justifiably founded; and (4) Plaintiff was damaged as a result of the false statement*. As for false pretenses the Court stated: "*involves an implied misrepresentation or conduct intended to*

---

[1] Section 523(a)(2)(A) requires a showing of actual fraud rather than constructive fraud or fraud implied in law. A claim of non-dischargeability under Section 523(a)(2)(A) requires the creditor establish <u>each</u> of the following elements: the debtor made a representation; the debtor knew at the time the representation was false; <u>the debtor made the representation with the intention and purpose of deceiving the creditor; the creditor relied on the representation</u>; and the creditor sustained damage as the proximate result of the representation.

*create and foster a false impression." American Honda Finance Corp. v. Ippolito (In re Ippolito), 2013 Bankr. LEXIS 866, 2013 WL 828316 (Bankr. E.D.N.Y.) (citations omitted). Plaintiff must prove (1) the Defendant made an omission or implied misrepresentation; (2) promoted knowingly and willingly by the Defendant; (3) creating a contrived and misleading understanding of the transaction on the part of the plaintiff; (4) which wrongfully induced the plaintiff to advance money, property, or credit to the Defendant*. The elements to establish non-dischargeability under Section 523(a)(2)(A) are simply not met in the present case.

The only argument that Plaintiff made, in her Motion for Summary Judgment, to convince this Court that § 523(a)(2)(A) applies to the present case, was the following: "*Although the courts usually articulate the test for establishment of a false representation under § 523(a)(2)(A) as requiring a false statement "to the creditor," intent to deceive "the creditor," and reliance by "the creditor" to "the creditor's" detriment, nothing in the language of the statute requires so narrow a construction. What the statute requires is a "debt ... for money... obtained by ... a false representation."* Citing *Stallworth, Jr. v. McBride*, 512 B.R. 103, 112 (2014) ("*Stallworth*").

The facts in *Stallworth* are different from the facts at present case, thus plaintiff arguments are not in accordance with the statute and jurisprudence. In *Stallworth,* an attorney (Defendant) agreed to represent a client (Plaintiff), and during the representation incurred in false representation. As Plaintiff's counsel, but without his consent, made a transaction with the Commonwealth of Massachusets receiving $50,000.00. In *Stallworth* the attorney-debtor represented the plaintiff-creditor. The attorney made a false representation of his client, by not getting his consent. There was a direct relation between the attorney and his client. That is not the case at bar. In the present case, Plaintiff "sold" the real property or agreed on it with her husband's grandmother, not

with plaintiff. Plaintiff could argue *Stallworth* analysis if Defendant was her husband's grandmother. Plaintiff is requesting this court to construct the test for establishment of a false representation under § 523(a)(2)(A) too wide, not as the majority of the courts have articulated and construed it. Therefore, all the required elements to prove that a debt is nondischargeable under § 523(a)(2)(A) are simply not present at the case at bar.

The First Instance Court of Mayaguez and/or the Supreme Court of Puerto Rico in their Sentences did not decided Defendant's state of mind when she bought the real property from Monserrate Rivera. Plaintiff argues that the Supreme Court stated that Defendant lacked good faith at the moment she acquired the property in controversy and that she was conscious of the fact that Plaintiff was the real owner of the property. But what the Supreme Court stated is that Defendant and her husband were not a third party registereted (tercero registral) because "they did not possess the referred good faith when acquired the property". The Supreme Court concluded that the fact that Defendant knew of the agreement between Monserrate Rivera and Plaintiff, deprived her from being a third party registered. (Pag. 21 of the Supreme Court Sentence).

Defendant did not induce Plaintiff to rely upon her false promise, nor Plaintiff relied upon the Defendant's representation, nor induced plaintiff to advance money, property, or credit to Defendant.

This Honorable Court cannot conclude that Defendant acted by false pretense, false representation, actual fraud or willful and malicious, based on the fact that the Supreme Court stated that Defendant did not possess the good faith needed to be a third party registered or because she knew of the agreement between Monserrate Rivera and Plaintiff. It is undisputed that Defendant was conscious that Plaintiff and Monserrate Rivera executed a sales deed over the property before a notary public. The requirements to establish

5

that a debt is nondischargeable under § 523(a)(2)(A) cannot be equated with the elements to establish if a person is a third party registered.

Note that the state courts (First Instance Court, Court of Appeal, and Supreme Court of Puerto Rico) did not conclude that Defendant committed false pretense, false representation or actual fraud, as used to find a debt non-dischargeable under § 523(a)(2)(A). None of the state courts even considered whether Defendant committed false pretenses, false representation or actual fraud, as used to find a debt non-dischargeable under § 523(a)(2)(A).

Plaintiff fraudulently sold and executed the deed of sale of the property for the amount of $12,000.00. Although the deed of sale states a sales price of $12,000.00, such payment was never delivered nor intended to be delivered. ¶ 28 of the Second Amended Complaint. Furthermore, Plaintiff did not pay the full amount of the $30,000.00 loan. Plaintiff argues that she executed a deed of sales because the Notary Public advised her to do so. The Supreme Court stated that the Notary Public suggested Plaintiff to name the legal transaction with Monserrate Rivera a deed of sale (¶ 1, pag. 17 of the Supreme Court Sentence). However, Plaintiff had an informed knowledge of the transaction she agree to execute. Furthermore, she must have read said deed of sale and voluntary signed it.

Plaintiff argues that she didn't do anything wrong by signing a fraudulent deed of sales, because that was what the attorney suggested her. However, she argues that Defendant acted by false pretense, false representation, actual fraud or willful and malicious by not considering said deed, executed before a Notary Public, as a null deed. Plaintiff cannot seek to impeach Defendant's acts, since Plaintiff contributed to the improper transaction. Plaintiff and her actions do not confer standing to the requesting remedy. The totality of the circumstances of the present case does not establish

the elements that § 523(a)(2) and § 523(a)(6) require to exempt from discharge Defendant's debt.

As we have mentioned in other motions submitted to this Court, Plaintiff and Defendant are family related. Plaintiff married Defendant's cousin. As a result, Plaintiff has personal knowledge of Defendant's personal circumstances. The Sentence Plaintiff is requesting this Court to find as non-dischargeable is a joint liability debt, in which Defendant and her grandmother, Monserrate Rivera, are joint debtors. Plaintiff have personal knowledge that Moserrate Rivera passed away. Plaintiff also has personal knowledge that in Moserrate Rivera's inheritance are sufficient goods and properties to pay the Sentence and the interest of it. However, Plaintiff prefers to continue with the instance case. If the real intention of Plaintiff were to execute the Sentence in her favor, in other words, collect the amount granted in the Sentence plus the interest, she should have requested this Court a relief of co-debtor's (Sucn. Monserrate Rivera) stay under § 1301(c)(2).

### III. 11 U.S.C. § 523(a)(6) DOES NOT APPLY TO THE PRESENT CASE

The Bankruptcy Code is intended to provide a fresh start for those persons who are inundated in monetary debt. See *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1933). Congress decided that persons, who attempt to reorganize, may discharge a debt that is otherwise nondischargeable in liquidation. 11 U.S.C. Sec. 1328; see *In re McAloon*, 44 B.R. 831, 835 (Bankr.E.D.Va.1984). It is well known that if a debtor complies with all his or her plan payments, he or she can be discharged from debts arising from willful and malicious conduct pursuant to Section 523(a)(6), since the same is not a stated exception. See *In Re: Cintron*, 447 B.R. 82 (2011). Debts arising from willful and malicious injury can be determined to be nondischargeable in Chapter 7 but are fully

7

dischargeable in Chapter 13. See *In re: Myrvang v. Graves*, 232 F.3d 1116 (9th Cir. 2000).

The courts have establish that debts which fall within scope of § 523(a)(6) may be discharged pursuant to § 1328(a) if debtor can meet requisites of Chapter 13. *In re Le Maire* (1989, CA8 Minn) 883 F2d 1373, 19 BCD 1016, 21 CBC2d 678, CCH Bankr L Rptr P 73005, vacated on other grounds, reh gr, en banc (1989, CA8 Minn) 891 F2d 650. There is no dispute that Defendant meets the requisites of Chapter 13.

Arguendo that Defendant acted willful and malicious injuring Plaintiff, which we do not agree, Defendant's debt is dischargeable under Chapter 13.

Willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct. *In Re Su*, F.3d 1140 (9th Cir. 2002). In *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the Supreme Court established that: "*The word "willful" in (a)(6) modifies the word "injury," indicating that non-dischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury.". . . . T]he (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act", not simply "the act itself."*

As mentioned before, the state court in their Sentences did not decided Defendant's state of mind when she bought the real property from Monserrate Rivera. Plaintiff argues that the Supreme Court stated that Defendant lacked good faith at the moment she acquired the property in controversy and that she was conscious of the fact that Plaintiff was the real owner of the property. But

what the Supreme Court stated is that Defendant and her husband were not a third party registereted because "they did not possess the referred good faith when acquired the property". The Supreme Court concluded that the fact that Defendant knew of the agreement between Monserrate Rivera and Plaintiff, deprived her from being a third party registered. This Honorable Court cannot conclude that Defendant acted willful and malicious as require by the statute and jurisprudence, based on the fact that the Supreme Court stated that Defendant did not possess the good faith needed to be a third party registered or because she knew of the agreement between Monserrate Rivera and Plaintiff. It is undisputed that Defendant was conscious that Plaintiff and Monserrate Rivera executed a sales deed over the property before a public notary. The requirements to establish that a debt is nondischargeable under § 523(a)(6) cannot be equated with the elements to establish if a person is a third party registered.

Note that the state courts did not conclude that Defendant injured Plaintiff willfully and malicious, as to find a debt non-dischargeable under § 523(a)(6). None of the state courts even considered whether Defendant injured Plaintiff willfully and malicious, as to find a debt non-dischargeable under § 523(a)(6). The state court proceedings does not mention or imply that Defendant had a deliberate intent to cause injury to Plaintiff or her property.

Courts have treated the malicious injury as separated from the "willful requirement. *Petralia v. Jercich*, 238 F.3d 1202 (9th Cir.), 533 U.S. 930, 121 S.Ct. 2552, 150 L.Ed.2d 718 (2001). A malicious injury involves (1) a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) is done without causes or excuse. *U.S. v. Parga Rosas*, 238 F.3d 1209 (9th Cir. 2001), quoting *In re Bammer*, 131 F.3d at 791.

Defendant and her husband bought the real property from Monserrate Rivera for $15,000.00. There was an executed sales deed before a public

notary that established that Monserate Rivera was the owner of said real property. Also, they have acknowledge that Plaintiff and her husband did not pay in full the $30,000.00 loan to Monserrate Rivera. If the sales deed between Monserrate Rivera and Plaintiff was determined null or void it was after Plaintiff and her husband bought the real property from Mrs. Monserrate Rivera. It is undisputed that Defendant and her husband bought the real property to take advantage of the offer, not to willful and malicious injure Plaintiff. Nor had the deliberate intend to cause injure to Plaintiff. The totality of the circumstances does not establishes the malicious and willful intend that Section 523 requires to exempt from discharge Defendant's debt.

**WHEREFORE**, Sheida Rivera Siverio, respectfully requests, from this Honorable Court to deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which will send notification to all CM/ECF participating parties. I also certify that I have served the same by regular mail to all the creditors listed in record.

**RESPECTFULLY SUBMITTED,** this 26 day of May, 2015, in San Juan, Puerto Rico.

S/ **Armando Lamourt-Rodriguez**
**Armando Lamourt-Rodriguez**
USDC-PR No. 226001
P.O. Box 236
Mayagüez, Puerto Rico 00681-0236
Tel. (787) 632-6241
alamourt@yahoo.com
