**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 13-06438 BKT** |
| | **Chapter 13** |
| **SHEIDA RIVERA SIVERIO** | |
| | |
| **Debtor** | |
| | |
| **MIGUELINA DELGADO RODRIGUEZ** | **Adversary No. 13-00218 BKT** |
| | |
| **Plaintiff** | |
| | |
| **vs.** | |
| | |
| **SHEIDA RIVERA SIVERIO** | |
| **NOEMI LANDRAU RIVERA, CHAPTER 7 TRUSTEE** | |
| **JOSE CARRION MORALES, CHAPTER 13 TRUSTEE** | |
| | |
| **Defendants** | **FILED & ENTERED ON 7/21/2015** |

## OPINION AND ORDER

Before the court is a *Motion for Summary Judgment* filed by Defendant, Sheida Rivera Siverio (hereinafter "Defendant") (Dkt. No. 70) and a *Motion for Summary Judgment and Memoranda of Authorities in Support* filed by Plaintiff, Miguelina Delgado Rodriguez (hereinafter "Plaintiff") (Dkt. No's. 94 and 95), and the parties' corresponding oppositions (Dkt. No's. 92 and 105, respectively). For the reasons stated herein, Defendant's *Motion for Summary*

1

*Judgment* is DENIED, and Plaintiff's *Motion for Summary Judgment* is GRANTED in part, and DENIED in part.

### I. Factual Background

On October 29, 2013, Plaintiff filed this adversary proceeding requesting that the debt owed to her by Defendant be exempted from discharge due to false pretenses, false representation, and fraud under 11 U.S.C. § 523(a)(2)(A) and for willful and malicious injury, under 11 U.S.C. § 523(a)(6) (amended complaint, Dkt. No. 37). Plaintiff alleges that she was willfully and maliciously injured by Defendant when Defendant acquired a property against Plaintiff's will and authorization. Those allegations were part of a prepetition civil case, whose judgment included an *ex contractu* damages award to the Plaintiff (Dkt. No. 95, Exhibit 5). Such compensation reimbursed the value of a real property object of a simulated deed of sale that hid the fact that a personal loan was made. The real property could not be revendicated because Defendant sold it to a third party (Dkt. No. 95, Exhibit 7). In her complaint, Plaintiff claims as nondischargeable the judgment's award, including legal interest accrued per annum, additional interest, and costs.

### II. Standard of Review

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. <u>Mulvihill v. Top-Flite Golf Co.</u>, 335 F.3d 15, 19 (1st Cir. 2003). Pursuant to Fed. R. Civ. P. Rule 56(c), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

2

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it could potentially affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party.  Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the non movant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). The evidence offered by the

3

nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id.; See also Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (holding that the materials attached to the motion for summary judgment must be admissible and usable at trial). "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

### III. Legal Analysis

#### A.   Application of *res judicata*

To address the parties' concerns about the preclusive effect the state court judgment has on the present case, the court confides in the prevailing law on such matter. "[I]t has long been established that 28 U.S.C. § 1738 does not allow federal courts to employ their own rules of *res judicata* in determining the effect of state judgments." Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). A state court judgment can "generally" have a preclusive effect under the full faith and credit statute: "judicial proceedings of any court of any State, shall have the same full faith and credit in every court within the United States as they have by law or usage in the courts of such State, from which they are taken." Id. Consequently, federal courts are directed to observe the preclusion law of the state where judgment was made. Id.

The collateral estoppel, or issue preclusion principle, under the doctrine of *res judicata*, bars litigation "of any factual or legal issue that was "actually" decided in previous litigation" between the same parties. Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir. 1994). For collateral estoppel to apply: "(1) the issue sought to be precluded must be the same as that

involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment." <u>Jones v. Svreck</u>, 300 B.R. 133, 137 (B.A.P. 1st Cir. 2003). Moreover, collateral estoppel bars litigation of an issue previously adjudicated if the party whom the judgment fell against had a "full and fair opportunity" to litigate it. <u>Id.</u>

The state court determined that there was a breach of contract between the Plaintiff and a third party, Defendant knew about the contract, and contributed to the tortious act (Dkt. No. 95, Exhibit 5). Therefore, Defendant was condemned to pay an *ex contractu* damages compensation to the Plaintiff, including 6% legal interest. The state court provided a ruling using the applicable material facts, which are the same material facts as those being presented in this case. Therefore, the parties are collaterally estopped from litigating again the cause of action or the material facts, already ruled upon in state court. On the other hand, Plaintiff is not collaterally estopped from litigating an action to except the state court judgment from discharge under 11 U.S.C. §§ 523(a)(2)(A) and (6) because it is a different issue arising under federal question, not having been previously litigated in state court. Neither does Puerto Rico law bar Plaintiff to litigate this matter under 31 L.P.R.A. § 3343 and 32 L.P.R.A. § 1793.

### B. The nondischargeability issue

The issue of nondischargeability is a matter of federal law governed by the Bankruptcy Code. Collateral estoppel principles apply in discharge exception proceedings. <u>Id.</u> at 137-38. Therefore, a bankruptcy court can "properly" give preclusive effect "to those elements of the claim that are identical to the elements required for discharge" and were adjudicated in a prior action. <u>Grogan v. Garner</u>, 498 U.S. 279, 284 (1991). Furthermore, exceptions to discharge are

5

narrowly construed in favor of the debtor in an effort to further the "fresh start" policy underlying the Bankruptcy Code, thus the creditor alleging a discharge exception under § 523(a) must prove that its claim lies "squarely" under such section. Douglas v. Kosinski, 424 B.R. 599, 607 (B.A.P. 1st Cir. 2010).

11 U.S.C. § 523(a)(6) sets forth, in pertinent part, "a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity." The Supreme Court held that for a claim to be nondischargeable under section 523(a)(6) there must be "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 60-61 (1998). Moreover, the section refers to intentional acts, different from "negligent or reckless torts." Id. "The actor must intend "the consequences of an act," not simply "the act itself." Id. at 61-62. An injury can be malicious within section 523(a)(6) "if it was wrongful and without just cause or excuse," regardless of "personal hatred, spite or ill-will." Printy v. Dean Witter Reynolds, Inc., 110 F.3d 853, 859 (1st Cir. 1997). "The critical focus for relief under section 523(a)(6) for an aggrieved creditor is the conduct committed by the debtor, if found willful and malicious under the facts, whether or not such conduct might also fit within one or more of the other exceptions to discharge under section 523(a)." Id. at 858.

The Supreme Court also establishes that if a person is deprived forever of his or her property by a deliberate disposing of it without semblance of authority "is certainly an injury thereto within common acceptation of the words" (referring to willful and malicious conduct for

conversion of property). <u>McIntyre v. Kavanaugh</u>, 242 U.S. 138, 141 (1916). "A willful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception. <u>Id.</u> at 141-42.

Plaintiff contends that her claim is nondischargeable under 11 U.S.C. § 523(a)(6). This Court agrees. Defendant was found by the state court to be liable for the sale of Plaintiff's real property to another. The Puerto Rico Appellate Court reversed. On February 21, 2008, the Puerto Rico Supreme Court determined that the sale of said property constituted a breach of contract, and Defendant knowingly contributed to the tortious act (Dkt. No. 95, Exhibit 7). The Puerto Rico Supreme Court reinstated the First Instance court's ruling. Aware of the existence of the contract and selling the real property without owner's consent, Defendant incurred not merely in reckless conduct, but willful and malicious. The damages awarded to the Plaintiff by the state court's judgment are due to a wrongful act by Defendant that caused an injury when Plaintiff was deprived of her real property (Dkt. No. 95, Exhibit 5). It is further determined that the tort judgment claim should be classified as nondischargeable under 11 U.S.C. § 523(a)(6).

Plaintiff also contends that her claim is nondischargeable under 11 U.S.C. § 523(a)(2)(A) based on the fact that Defendant disposed of said real property to her advantage, defrauding Plaintiff; also, that the state court judgment determined that the title to the property is null and void and the acquisition of the real property by Defendant has no protection because it was not obtained by the real owner. 11 U.S.C. § 523(a)(2)(A) states that exemptions from discharge in bankruptcy include: "any debt ... for money, property, services, or an extension, renewal, or

refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud." "[T]he most straightforward reading of § 523(a)(2)(A) is that it prevents discharge of "any debt" respecting "money, property, services, or ... credit" that the debtor has fraudulently obtained." <u>Cohen v. de la Cruz</u>, 523 U.S. 213, 218 (1998). To establish that a claim is nondischargeable under such section, Plaintiff must prove that: "(1) the debtor made a knowingly false representation or one made in reckless disregard of the truth; (2) the debtor intended to deceive; (3) the debtor intended to induce the creditor to rely upon the false statement; (4) the creditor actually relied upon the misrepresentation; (5) the creditor's reliance was justifiable; and (6) the reliance upon the false statement caused damage." <u>Douglas v. Kosinski</u>, 424 B.R. 599, 615 (B.A.P. 1st Cir. 2010). A justifiable reliance on the representation is the standard used for excepting a debt from discharge based on a fraudulent misrepresentation under section 523(a)(2)(A). <u>Field v. Mans</u>, 516 U.S. 59, 59 (1995).

In the present case, both parties knew of the prevailing contract. The real property was sold as part of an act to recover an unpaid amount. The end result was a breach of contract and a null and void title. As such, the nondischargeability elements under § 523(a)(2)(A) have not been satisfied.

**IV. Conclusion**

WHEREFORE, IT IS ORDERED that Defendant's *Motion for Summary Judgment* shall be, and it hereby is, DENIED. Plaintiff's *Motion for Summary Judgment* is GRANTED as to the determination that Plaintiff's claim is nondischargeable under 11 U.S.C. § 523(a)(6), and DENIED as

to Plaintiff's nondischargeability claim sought under 11 U.S.C. § 523(a)(2)(A). The Clerk shall enter judgment accordingly.

SO ORDERED

In San Juan, Puerto Rico this 21st day of July, 2015.

Brian K. Tester
U.S. Bankruptcy Judge
for the District of Puerto Rico