UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

———————————————————————— )
                                        )
IN RE SHEIDA RIVERA SIVERIO,            ) C.A. No. 15-2065 S
                                        )
           Debtor.                      ) Bankruptcy Petition No.
———————————————————————— ) 13-6438-BKT
                                        )
MIGUELINA DELGADO RODRIGUEZ,            )
                                        )
           Appellant/Plaintiff,         )
                                        )
      v.                                ) Adversary Case No.
                                        ) 13-218-BKT
SHEIDA RIVERA SIVERIO,                  )
                                        )
           Appellee/Defendant.          )
———————————————————————— )

## OPINION AND ORDER

WILLIAM E. SMITH, Chief Judge.[1]

Before the Court is Plaintiff's appeal from the Bankruptcy Court's Judgment that granted in part, and denied in part, her motion for summary judgment in her adversary proceeding against Defendant-Debtor. The Judgment decreed that the debt owed to Plaintiff by Defendant-Debtor was nondischargeable as a matter of law pursuant to 11 U.S.C. § 523(a)(6), but that the debt was not nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). (J. 1, ECF

_____

[1] The Honorable William E. Smith, Chief United States District Judge for the District of Rhode Island, sitting by designation.

No. 1-3.[2])  The Judgment also denied Defendant-Debtor's motion for summary judgment in its entirety. (Id.)  For the reasons that follow, the Court AFFIRMS IN PART and REVERSES IN PART the Bankruptcy Court's Judgment.

I. Background

The factual underpinnings of the debt owed to Plaintiff are as follows.[3]  In 1997, Monserrate Rivera Roman loaned $30,000 to her grandson, Eduardo Rivera Pares.  Rivera Roman wanted some form of security for the repayment of the loan and Rivera Pares' wife, Plaintiff Miguelina Delgado Rodriguez, consented to transfer the title of real property she owned to her grandmother-in-law. (Pl.'s Statement of Uncontested Material Facts ("Pl.'s SUMF") ¶¶ 12-17, Appellant R. on Appeal 101, ECF No. 3-2.) Plaintiff executed some form of a "deed of sale," purporting to sell the property to her grandmother-in-law. (Pl.'s SUMF ¶¶ 15-18.) The deed listed the

---

[2] All citations to the record are to C.A. No. 15-2065 unless otherwise noted.

[3] This factual summary is drawn from Plaintiff's Statement of Uncontested Material Facts as well as from the Supreme Court of Puerto Rico's opinion holding that Defendant-Debtor was liable to Plaintiff in the amount of $45,000.  Defendant-Debtor did not file an opposing statement of material facts as required by Local Civil Rule 56(c) when she opposed Plaintiff's Motion for Summary Judgment.  Plaintiff's Statement of Uncontested Material Facts is therefore deemed admitted. See L.Cv.R. 56(e).  Defendant-Debtor also did not file a separate statement of material facts to support her own motion for summary judgment as required by Local Civil Rule 56(b).

sale price of the property as $12,000, but the grandmother did not deliver this money (the $30,000 loan had been delivered 10 days earlier) and both parties understood that the grandmother was not going to deliver the $12,000. (Pl.'s SUMF ¶ 22.)  The agreement between Plaintiff and her grandmother-in-law was that, once the $30,000 had been paid back, the latter would execute a "deed of sale" to return title of the property to Plaintiff. (Pl.'s SUMF ¶ 23.)

Over the next few years, Plaintiff's husband repaid only $15,000 of the loan to his grandmother.  In 2000, the grandmother purported to sell the real property to another granddaughter, Defendant-Debtor Sheida Rivera Siverio, for $15,000. (Pl.'s SUMF ¶¶ 30, 32.) The value of the property was actually $60,000. (Pl.'s SUMF ¶ 42.) Defendant-Debtor registered the title with the local land records office. (Pl.'s SUMF ¶ 41.) In 2001, Plaintiff initiated a civil action in state court against Defendant-Debtor, Defendant-Debtor's husband, and her grandmother-in-law seeking a declaratory judgment that the "deed of sale" signed by Plaintiff was simulated, and therefore null and void. (Pl.'s SUMF ¶ 43; Certified English Translation of PRSC Opinion ("PRSC Opinion") 3, ECF No. 40-1.) In 2002, Defendant-Debtor secured a mortgage and executed a promissory note in the amount of $50,000, registering the mortgage at the local land records office. (Pl.'s SUMF ¶¶ 44-

3

45, 49.) Also in 2002, Defendant-Debtor and her husband sold the title to the property to a third party for $60,000. (Pl.'s SUMF ¶ 51.)  In 2005, the Court of First Instance entered judgment in Plaintiff's favor and awarded her $45,000 plus interest and costs. (Pl.'s SUMF ¶¶ 6-7; PRSC Opinion 4.)

The Puerto Rico Court of Appeals reversed the judgment of the trial court. (PRSC Opinion 5.) The Supreme Court of Puerto Rico subsequently reversed the Court of Appeals and reinstated the trial court's judgment, holding that Plaintiff and her grandmother-in-law had a simulated contract. (PRSC Opinion 16, 22.) The executed "deed of sale" was deemed to be a personal security agreement rather than a sales agreement, with the property serving as collateral. (PRSC Opinion 16-17.) The grandmother-in-law therefore became a creditor to Plaintiff, and not the owner of the real property in question. (PRSC Opinion 18.) Even though the grandmother-in-law was not repaid the full sum of money she had loaned to her grandson, she did not have the legal authority to transfer title of the property to Defendant-Debtor and her husband. (Id.)

The Supreme Court also held that Defendant-Debtor and her husband were not bona fide purchasers of the real property because they were aware of the nature of the agreement between Plaintiff and their grandmother and that Plaintiff remained the true owner

4

of the property. (PRSC Opinion 21.)  The Supreme Court deemed the executed "deed of sale" - as well as Defendant-Debtor's title - null and void. (Id.)

II. Bankruptcy Proceedings

The Supreme Court's opinion reinstating the trial court judgment means that Defendant-Debtor, her husband, and her grandmother were jointly liable to Plaintiff for $45,000 plus interest from May 25, 2005 until the judgment is paid.[4] (Pl.'s SUMF ¶¶ 7, 9.) In August 2013, Defendant-Debtor filed for chapter 7 bankruptcy. (Bankr. Pet. 13-6438-BKT, ECF No. 1.) In March 2014, Defendant-Debtor requested conversion to chapter 13 bankruptcy; her motion was granted on May 19, 2014. (Bankr. Pet. 13-6438-BKT, ECF Nos. 16, 30.)

Plaintiff initiated this adversary proceeding against Defendant-Debtor, requesting a determination from the Bankruptcy Court that Defendant-Debtor's debt to her (the Commonwealth's judgment) is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) (as a debt for property or money obtained by false pretenses, false representation, or actual fraud) and § 523(a)(6) (as a debt for willful and malicious injury by the debtor to another entity or to the property of another entity). (Second Am. Compl., Appellant R.

---

[4] Rivera Roman, Defendant-Debtor's grandmother, passed away some time after the final judgment entered.

5

on Appeal 31, ECF No. 3-2.)  The parties both moved for summary judgment.  The Bankruptcy Court denied Defendant-Debtor's motion for summary judgment, granted Plaintiff's motion for summary judgment regarding the nondischargeability of the debt pursuant to § 523(a)(6), and denied Plaintiff's motion for summary judgment regarding the nondischargeability of the debt pursuant to § 523(a)(2)(A).  The Bankruptcy Court also concluded that "the parties are collaterally estopped from litigating again the cause of action or the material facts, already ruled upon in state court." (Op. and Order 5, ECF No. 1-2.)

Even though the Bankruptcy Court granted judgment as a matter of law to Plaintiff with respect to her claim that Defendant-Debtor's debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) for willful and malicious injury, this particular exception to discharge does not prevent the discharge of a debt in a chapter 13 bankruptcy proceeding. See 11 U.S.C. § 1328(a).  Plaintiff therefore appeals from the Bankruptcy Court's order denying summary judgment on her claim that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).[5] Plaintiff elected to appeal

---

[5] The docket in the lead bankruptcy case indicates that the confirmation hearing for the Chapter 13 bankruptcy plan has been held in abeyance until the adversary proceeding is resolved. (Bankr. Pet. 13-6438-BKT, ECF No. 45.)

to this Court from the Bankruptcy Court's judgment.[6] (Notice of Appeal, ECF No. 1-1.)

III. Standard of Review

Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, Rule 56 of the Federal Rules of Civil Procedure is applicable in an adversary proceeding within a bankruptcy case. In re Plaza Resort at Palmas, Inc., 741 F.3d 269, 274 (1st Cir. 2014) (citing Estate of Hevia v. Portrio Corp., 602 F.3d 34, 40 (1st Cir. 2010)). This Court's task is to determine whether Plaintiff was entitled to judgment as a matter of law on her claim that the debt owed to her from Defendant-Debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). This Court's review is de novo, viewing the arguments in the light most favorable to the Defendant-Debtor as the nonmoving party, and drawing all reasonable inferences in Defendant-Debtor's favor. See id. (citing Estate of Hevia, 602 F.3d at 40).

---

[6] Defendant-Debtor initiated a separate appeal in this Court on August 21, 2015, but then moved to dismiss the appeal. (C.A. No. 15-2159, ECF Nos. 1-1, 8.) This Court dismissed Defendant-Debtor's appeal on October 15, 2015. (C.A. No. 15-2159, ECF No. 9.) Because Defendant-Debtor voluntarily withdrew her appeal, there is no challenge to the portion of the Bankruptcy Court's Judgment that decreed the debt nondischargeable under 11 U.S.C. § 523(a)(6).

IV. Discussion

Section 523(a)(2)(A) states, in relevant part, that a bankruptcy discharge pursuant to § 1328(a) "does not discharge an individual debtor from any debt . . . (2) for money . . . to the extent obtained by . . . (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." "[E]xceptions to discharge are narrowly construed in favor of the debtor in an effort to further the 'fresh start' policy underlying the Bankruptcy Code, [so] the creditor asserting an exception to discharge must show that its claim comes 'squarely' within an exception enumerated in § 523(a)." In re Zutrau, 563 B.R. 431, 444 (B.A.P. 1st Cir. 2017) (quoting Sharfarz v. Goguen (In re Goguen), 691 F.3d 62, 68 (1st Cir. 2012) (additional citations omitted)). When, as here, "there has been a prior state court judgment, the bankruptcy court's ultimate dischargeability determination will be governed by any factual issues that were actually and necessarily decided by the state court." In re Porcaro, 545 B.R. 384, 395 (B.A.P. 1st Cir. 2016) (quoting B.B. v. Bradley (In re Bradley), 466 B.R. 582, 586 (1st Cir. BAP 2012)).

A.  False Representation and False Pretenses

Plaintiff argues that she is entitled to a determination that the debt owed to her by Defendant-Debtor is nondischargeable

8

pursuant to § 523(a)(2)(A) because Defendant-Debtor made several false statements on the documents involved in the purported transfers of the property and did so knowing that Plaintiff was the true owner of the property, not her grandmother. Defendant-Debtor responds that Plaintiff cannot meet the nondischargeability elements of § 523(a)(2)(A) because Plaintiff has no evidence that Defendant-Debtor either induced Plaintiff to rely on a false promise or that she justifiably relied on a false statement made by Defendant-Debtor. (Appellee's Opening Br. 3-4, ECF No. 16.) Defendant-Debtor asserts that she could not have intended to deceive Plaintiff because Plaintiff had an agreement with the grandmother, and Defendant-Debtor was not a party to the "deed of sale" executed by Plaintiff. (Id. at 5.)

A creditor must establish the following six elements to meet the § 523(a)(2)(A) false representation or false pretenses exception to dischargeability:

> 1) the debtor made a knowingly false representation or one made in reckless disregard of the truth, 2) the debtor intended to deceive, 3) the debtor intended to induce the creditor to rely upon the false statement, 4) the creditor actually relied upon the false statement, 5) the creditor's reliance was justifiable, and 6) the reliance upon the false statement caused damage.

In re Zutrau, 563 B.R. at 444 (quoting In re Goguen, 691 F.3d at 66). The Bankruptcy Court determined that these elements had not been satisfied, and denied Plaintiff's motion for summary judgment

9

with respect to nondischargeability pursuant to § 523(a)(2)(A). (Op. and Order 8.) This Court agrees with the Bankruptcy Court that the undisputed facts in this case do not fit the enumerated elements for false representations. To be sure, the facts found by the Supreme Court of Puerto Rico establish that Defendant-Debtor's actions directly interfered with the title to Plaintiff's property and that Defendant-Debtor took advantage of the monetary loan situation between her grandmother and her cousins. But the facts do not indicate that Defendant-Debtor made a knowingly false representation to Plaintiff, intended to induce Plaintiff to rely on any of her statements or actions, or that Plaintiff actually relied on any false statements made by Defendant-Debtor. As such, Plaintiff is not entitled to judgment as a matter of law that the debt Defendant-Debtor owes her is nondischargeable for false representation or false pretenses pursuant to § 523(a)(2)(A). See In re Zutrau, 563 B.R. at 444.

B. Actual Fraud

After the Bankruptcy Court entered its Judgment denying summary judgment on the false representation part of the § 523(a)(2)(A) exception to dischargeability, the United States Supreme Court clarified that the exception for actual fraud pursuant to § 523(a)(2)(A) is distinct from the exceptions for false representation and false pretenses. See Husky Int'l Elecs.,

10

Inc. v. Ritz, 136 S. Ct. 1581, 1590 (2016) (holding that "actual fraud" pursuant to § 523(a)(2)(A) includes forms of fraud such as fraudulent conveyance schemes that can be effected without a false representation).   Plaintiff supplemented her briefing on appeal with this case as additional support for her contention that the Defendant-Debtor's debt to her is nondischargeable because it is a result of money obtained through actual fraud. (Mot. for Leave to Inform of Recent Decision, ECF No. 17; see also Pl.'s Mot. for Summ. J. 10, Appellant R. on Appeal 90-91, ECF No. 3-2.)

As mentioned above, "actual fraud" includes fraudulent conveyance schemes, "even when those schemes do not involve a false representation." Husky, 136 S. Ct. at 1590; see also In re Lawson, 791 F.3d 214, 220 (1st Cir. 2015), cert. denied sub nom. Lawson v. Sauer Inc., 136 S. Ct. 2443 (2016) (stating that actual fraud is "broader than misrepresentation" (quoting McClellan v. Cantrell, 217 F.3d 890, 893 (7th Cir. 2000))).   The United States Supreme Court explicitly stated that "the recipient of the transfer [of property] . . . can obtain assets by his or her participation in the fraud," and "[i]f that recipient later files for bankruptcy, any debts traceable to the fraudulent conveyance . . . will be nondischargeable under § 523(a)(2)(A)." Husky, 136 S. Ct. at 1589 (internal citations omitted).   Defendant-Debtor knew that her grandmother did not hold a valid title to the property when her

11

grandmother purported to sell the property to her. Defendant-Debtor's receipt of the transfer of property was, therefore, obtained by knowingly participating in the fraudulent transaction of purporting to transfer and register the title to the property without the participation of the property's true owner. As a result, the debt incurred by Defendant-Debtor when the Supreme Court of Puerto Rico adjudged her liable to Plaintiff for $45,000 is nondischargeable pursuant to § 523(a)(2)(A).

Prior to the Husky opinion, the First Circuit Court of Appeals had defined the parameters of actual fraud in the context of § 523 nondischargeability more narrowly than Husky. The First Circuit concluded that a debt is nondischargeable as a debt obtained by actual fraud when the debt was "incurred as a result of knowingly accepting a fraudulent conveyance that the transferee knew was intended to hinder the transferor's creditors." In re Lawson, 791 F.3d at 216 (emphases added). "That is, the debtor-transferee must herself be 'guilty of intent to defraud' and not merely be the passive recipient of a fraudulent conveyance." Id. at 220 (citing McClellan, 217 F.3d at 894). While it is undisputed that Defendant-Debtor accepted the deed of sale knowing that the transferor did not actually own the property, the transfer at that time was not made with the grandmother's intent to defraud a creditor; the grandmother herself was the creditor. There is no

evidence that Defendant-Debtor intended to hinder her own creditors when she transferred the property to the third party. Thus, if the outcome was governed by In re Lawson, the debt would likely be dischargeable. In re Lawson's narrow reading of actual fraud, however, appears to be contravened by the Supreme Court's broader construction outlined in Husky. In light of Husky, therefore, the debt is nondischargeable as obtained by actual fraud.

Defendant-Debtor attempts to distinguish Husky by pointing out that the plaintiff in that case had clean hands whereas Plaintiff in this case executed a "deed of sale" that was fraudulent because she did not intend to actually transfer ownership of the property to her grandmother. (Def.'s Reply to Mot. for Leave to Inform of Recent Decision, ECF No. 21.) This argument has no merit. This Court is bound by the "factual issues that were actually and necessarily decided by the state court," In re Porcaro, 545 B.R. at 395 (quoting In re Bradley, 466 B.R. at 586), and the Supreme Court of Puerto Rico did not find or hold that Plaintiff's hands in this situation were unclean; it concluded that the property sale was essentially a security agreement in which Plaintiff provided collateral to secure the loan that her husband had obtained from his grandmother.

## V. Conclusion

For the foregoing reasons, the debt owed to Plaintiff from Defendant-Debtor is nondischargeable as money obtained through actual fraud pursuant to 11 U.S.C. § 523(a)(2)(A).  The Bankruptcy Court's Judgment (ECF No. 1-3) is therefore AFFIRMED IN PART and REVERSED IN PART.  Final judgment shall enter for Plaintiff.[7]

IT IS SO ORDERED.

_____
William E. Smith
Chief United States District Judge
for the District of Rhode Island
Date: May 30, 2017

---

[7] In addition, Plaintiff's Motion in Compliance with Court Order to File a Supplemental Memoranda (ECF No. 24) is GRANTED, Defendant-Debtor's Motion in Compliance with Order (ECF No. 27) is GRANTED, Plaintiff's Motion to Strike ECF No. 27 (ECF No. 28) is DENIED, Defendant-Debtor's Motion to Withdraw Reply to Motion to Strike (ECF No. 30) is GRANTED, and Plaintiff's Motion Submitting Certified English Translation of Puerto Rico's Supreme Court Opinion (ECF No. 40) is GRANTED.

14